IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| YARBROUGH PROPERTIES, LLC, | ) | Case No. 09-51446 |
| | ) | |
| | ) | |
| Debtor. | ) | Chapter 11 |
| _____ | ) | |

**MEMORANDUM OPINION AND ORDER**

THIS MATTER coming on for hearing on January 20, 2010, upon the Motion to Reconsider Order Authorizing Employment of Accountant Barbara H. Fulp & Company, PLLC (the "Motion"), filed by W. Joseph Burns, the duly-appointed Chapter 11 trustee in this case (the "Trustee"), on December 3, 2009. At the hearing, June L. Basden appeared on behalf of SunTrust Bank (the "Bank"), Robert E. Price, Jr. appeared on behalf of the United States Bankruptcy Administrator, and W. Joseph Burns appeared on behalf of the Trustee. Barbara H. Fulp, representing Barbara H. Fulp & Company, PLLC (the "Accountant"), was also present at the hearing. William E. West, Jr., attorney for the above-referenced debtor (the "Debtor"), was not present. The Court, upon sufficient and proper notice, after considering the entire official record, the Motion, the objection thereto, and statements of counsel, will grant the Motion.

Between August 14, 2009 and August 28, 2009, the Accountant provided accounting services to the Debtor believing that it would be compensated for those services. The Accountant began work immediately upon request of the Debtor and the Debtor's attorney, putting aside work for other clients in order to facilitate the administration of this case in a timely manner. The services provided by the Accountant were necessary to the administration of this

Chapter 11 case. On August 28, 2009, attorney West filed an application to employ the Accountant but did not request nunc pro tunc employment. On October 22, 2009, Mr. Burns was appointed Trustee for the Debtor. On October 29, 2009, the Court entered an order approving the employment of the Accountant effective August 28, 2009.

Pursuant to Section 327(a), a trustee may employ professionals that do not hold an interest adverse to the estate, and that are disinterested, to assist the trustee in carrying out the trustee's duties. 11 U.S.C. § 327(a). Pursuant to Section 330(a)(1), a court may award a professional person employed under Section 327 reasonable compensation for actual, necessary services rendered. 11 U.S.C. § 330(a)(1). A standing order of this District provides that any order approving employment will relate back to the date of the filing of the application for approval of employment, unless the order provides otherwise. Order Regarding Employment of Professionals in Chapter 11 Cases, ¶ (c)(2) (Bankr. M.D.N.C. Dec. 8, 2009).

"Generally, courts should try to hold parties to strict compliance with section 327, especially in the case of attorneys who may be properly charged with knowledge of the law. The courts should also, however, be able to identify those cases in which blind adherence to procedural formalities would work an injustice." In re Aultman Enterprises, 264 B.R. 485, 492 (E.D. Tenn. 2001) (internal citations omitted); see also In re El Paso Refinery, L.P., 155 B.R. 418, 421 (Bankr. W.D. Tex. 1993) (allowing a nunc pro tunc application when professional relied on assurances of debtor's counsel that the application would be properly filed, and failure to file the application was due solely to the failure of debtor's counsel to act as they represented they would).

This case presents a situation where such a blind adherence to procedural formalities would work an injustice to the Accountant. The Court bases its decision on five factors. First,

the Accountant did not know of the requirement that its employment must be approved by this Court.  Normally, standing alone, this would not constitute a sufficient reason to grant nunc pro tunc relief.  Second, the estate continues to need the services of the Accountant, who is now familiar with the Debtor, having reconstructed its books and records.  Third, the Accountant will not continue to work for the estate if the requested fees are not paid.  Fourth, the estate would incur additional delays and expenses if it had to acquaint another accountant with the operations of the Debtor.  Finally, the Accountant has agreed to reduce its requested fees, pursuant to its first fee application, by $5,303.75 to the amount of $21,000.00.

      IT IS THEREFORE ORDERED that the Bank's objection is overruled, and the Motion is granted; and

      IT IS FURTHER ORDERED that the Accountant is employed nunc pro tunc to August 14, 2009.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| YARBROUGH PROPERTIES, LLC, ) | Case No. 09-51446 |
| ) | |
| ) | |
| Debtor. ) | Chapter 11 |
| ) | |

PARTIES IN INTEREST

Yarbrough Properties, LLC

William E. West, Jr., Esq.

Michael D. West, Esq.

SunTrust Bank

June L. Basden, Esq.

W. Joseph Burns, Trustee

Barbara H. Fulp & Co., PLLC